**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5168

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARFIELD REDD,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Williams D. Quarles, Jr., District Judge.  (1:07-cr-00470-WDQ-1)

Submitted:  March 4, 2010                Decided:  March 30, 2010

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan S. Skelton, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, George J. Hazel, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garfield Redd pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Redd was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), to 240 months' imprisonment. Redd appeals, arguing that the district court erred in finding that he had the requisite number of qualifying predicate convictions under the ACCA. Finding no error, we affirm.

In considering whether the district court properly designated Redd as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). A defendant is an armed career criminal, subject to a minimum fifteen-year sentence, when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses that were committed on different occasions. 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines Manual § 4B1.4(a) (2007). A "violent felony" is defined by the ACCA as any crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). To determine whether an offense under state law falls within the definition

2

of a violent felony, this Court uses a categorical approach, which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not controlling. Taylor v. United States, 495 U.S. 575, 590-91 (1990). We find the district court properly determined that Redd had the three necessary qualifying predicate convictions to warrant the armed career criminal designation.

Redd first argues on appeal his prior conviction for distribution of cocaine could not be considered a predicate offense because he was only sixteen years old at the time of the offense and seventeen years old at the time of conviction. The statutory definition of a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In the presentence report, the probation officer noted that Redd pled guilty to and was convicted of possession with intent to distribute cocaine in Maryland state court in March 1988. He was sentenced to ten years' imprisonment. Redd's conviction was for a serious drug

offense and constitutes the first predicate offense for armed career criminal status. See Taylor, 495 U.S. at 600 (noting that, to determine whether a prior conviction may be counted under the ACCA, the court looks to the statutory definition of the prior offense and not to the particular facts underlying that conviction); United States v. Wright, ___ F.3d __, 2010 WL 376549, at *5 (4th Cir. Feb. 3, 2010) (finding no error in district court's reliance on prior juvenile convictions to enhance sentence under ACCA).

The district court also properly found that Redd's two Maryland convictions for first-degree assault qualified as predicate offenses under the ACCA. Under Maryland law, a person is guilty of first-degree assault if he "intentionally cause[s] or attempt[s] to cause serious physical injury to another." Md. Code Ann. Crim., Law § 3-202 (LexisNexis Supp. 2008). Because the elements of first-degree assault under Maryland law encompass the use or attempted use of physical force, these two offenses categorically qualify as ACCA predicates. See Johnson v. United States, ___ S. Ct. ___, 2010 WL 693687, at *6 (U.S. Mar. 2, 2010) ("We think it clear that in the context of a statutory definition of 'violent felony,' the phrase "physical force" means violent force-that is, force capable of causing physical pain or injury to another person."); but see United States v. Coleman, 158 F.3d 199, 204 (4th Cir. 1998) (holding

4

Maryland common law assault is not per se violent felony within the meaning of ACCA); United States v. Kirksey, 138 F.3d 120, 125 (4th Cir. 1998) (describing common law assault in Maryland to include, inter alia, "any unlawful force used against a person of another, *no matter how slight*").

Because all three prior convictions qualify as categorical predicate offenses under the ACCA, Redd's reliance on Taylor and Shepard v. United States, 544 U.S. 13 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record), is misplaced. While a sentencing court is not permitted to resolve disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record," Shepard, 544 U.S. at 25, a determination that a defendant is eligible for sentencing under the ACCA may be based on a judge's determination that the predicate convictions are for violent felonies or drug trafficking crimes if the qualifying facts are inherent in the predicate convictions and the court is not required to perform additional fact finding. See United States v. Thompson, 421 F.3d 278, 282-83 (4th Cir. 2005).

In his reply brief, Redd argues that, even if these prior convictions are categorically considered predicate

5

offenses under the ACCA, the Government failed to carry its burden of establishing the fact of these convictions and was not entitled to rely solely on the presentence report. Contrary to Redd's argument, we have held that a sentencing court is entitled to rely on "the conclusive significance" of the record, see Shepard, 544 U.S. at 25, as set out in the presentence report. Thompson, 421 F.3d at 285 (sentencing court entitled to rely on the presentence report because it "bears the earmarks of derivation from Shepard-approved sources"); see generally United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (quoting United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990)) ("A mere objection to the finding in the presentence report is not sufficient. . . . Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'").

We therefore find that the district court did not err in determining that Redd had the requisite number of qualifying predicate convictions to warrant the armed career criminal designation.[*] Accordingly, we affirm Redd's sentence. We dispense with oral argument because the facts and legal

---

[*] Because Redd has three prior convictions that qualify as predicate offenses under the ACCA, we need not address his arguments as to the fourth prior conviction for assault.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED