# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10963
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARIO AREVALO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-283-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Mario Arevalo appeals the sentence imposed after he pleaded guilty to illegal reentry after prior deportation. He maintains that the district court wrongly assessed a 16-level enhancement under U.S.S.G. § 2L1.2 based on his prior Maryland offenses of "assault in the first degree" and "use of a handgun in a crime of violence and the commission of a felony offense." The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court concluded that the offenses constituted a "crime of violence" pursuant to § 2L1.2(b)(1)(A)(ii), and a "firearms offense" pursuant to § 2L1.2(b)(1)(A)(iii).

Arevalo did not object to the 16-level enhancement in the district court. Thus, our review is for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Arevalo must show that the district court committed an error that is "clear or obvious, rather than subject to reasonable debate." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). He also must show that the error affected his substantial rights. *Puckett*, 129 U.S. at 135. If he makes these showings, we have discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id*.

Arevalo argues that neither of his prior Maryland offenses merits a 16-level enhancement. He contends that the Maryland statute proscribing "first-degree assault" can be violated in more than one way and that one of the means of commission does not satisfy the definition of a "crime of violence"; he asserts that the state court records do not establish which provision of the statute he violated and, therefore, there is no basis to resolve the appropriateness of the enhancement. Arevalo further contends that his prior Maryland offense of "use of a handgun in a crime of violence and the commission of a felony offense" does not satisfy the definition of a "firearms offense" because the Maryland statute, which, inter alia, does not except antique firearms or require that the firearm be operable, is broader than the generic definition of a "firearms offense."

The Government argues that both prior offenses merit the enhancement. It asserts that the Maryland offense of "first-degree assault" is categorically a "crime of violence" because the crime necessarily requires the use, attempted use, or threatened use of physical force against another person; it argues that the state court records therefore do not need to be reviewed to decide whether

the enhancement was properly applied. Moreover, the Government contends that the Maryland offense of "use of a handgun in a crime of violence and the commission of a felony offense" is a "firearms offense"; the Government argues that the Maryland statute's inclusion of antique or inoperable firearms does not render the statute broader than the generic definition of a "firearms offense." Alternatively, the Government asserts that the Maryland offense of "use of a handgun in a crime of violence and the commission of a felony" satisfies the definition of a "crime of violence."

Neither this court nor any other circuit court has held that, or analyzed whether, the Maryland offenses of "first-degree assault" or "use of a handgun in a crime of violence and the commission of a felony offense" merit a 16-level enhancement under § 2L1.2. However, as this appeal involves only plain-error review, we need not decide conclusively whether the Maryland offenses satisfy the definitions of "crime of violence" or "firearms offense" under § 2L1.2. Our review of the parties' arguments and the law reveals that whether the district court appropriately applied the enhancement is "subject to reasonable debate." Thus, Arevalo has not shown that any error is clear or obvious. *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377–78. Because Arevalo has failed to show plain error, the judgment of the district court is AFFIRMED.