EDITH BROWN CLEMENT, Circuit Judge:
Jose Luis Narez-Garcia pleaded guilty to illegal reentry following deportation. At sentencing, Narez-Garcia objected to the application of an eight-level enhancement based on his prior Arkansas conviction of aggravated assault on a household member. Narez-Garcia argued that his Arkansas conviction did not constitute an aggravated felony because the offense did not have as an element the use of force or involve a substantial risk that force would be used against a person. The district court noted that Narez-Garcia had been convicted of two offenses: aggravated assault on a household member and domestic battery in the third degree, second offense. The district court overruled Narez-Gar-cia’s objection to the eight-level enhancement and concluded that the domestic battery offense qualified as an aggravated felony for purposes of the Guidelines. Na-rez-Garcia was sentenced within the Guidelines to 33 months of imprisonment and a three-year term of supervised release. Narez-Garcia appeals the application of the eight-level enhancement, contending that the district court plainly erred. Because the district court did not plainly err in applying the eight-level enhancement, we AFFIRM.
I.
In 2014, United States Border Patrol agents found Narez-Garcia, a Mexican citizen, near Sierra Blanca, Texas. At the time, Narez-Garcia was on supervised release for a prior illegal reentry conviction. He had not obtained permission to reapply for admission. He was charged with and pleaded guilty to illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a)(1).
A probation officer prepared a Presen-tence Investigation Report (“PSR”) stating that Narez-Garcia’s base offense level was eight. The probation officer recommended an eight-level increase for an aggravated felony, under U.S.S.G. § 2L1.2(b)(l)(C). Narez-Garcia was previously convicted in Arkansas of aggravated assault on a household member and domestic battery in the third degree, second offense. The probation officer indicated that the conviction for aggravated assault on a household member qualified as an aggravated felony, thus mandating the eight-level increase. After applying a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3El.l(b), Narez-Garcia’s total offense level was 13. Based on Na-rez-Garcia’s offense level and his criminal history category of VI, the Guidelines range for imprisonment was from 33 to 41 months.
Before sentencing, Narez-Garcia objected to the eight-level increase in the PSR, arguing that the Arkansas aggravated assault offense was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F)[1] because it did not qualify as a crime of violence. Specifically, Narez-Garcia argued that because the aggravated assault offense does not have thé use of force as an element or involve a substantial risk that force will be *149 used against a person or property, it was not a crime of violence.
At' sentencing, the district court noted that Narez-Garcia had been convicted of two counts in Arkansas: one for aggravated assault on a family member or household member and the other for domestic battery in the third degree, second offense. The Arkansas Judgment and Disposition Order (“Arkansas Judgment” or “Judgment”) showed the sentences for the two offenses as:
Period of Confinement: months.
Suspended Imposition of Sentence: 72 months.
Period of Probation: 12- months.
The district court acknowledged the possibility that the aggravated assault conviction did not qualify as an aggravated felony but questioned Narez-Garcia’s counsel regarding the domestic battery conviction. Narez-Garcia’s counsel posited the same objection to the domestic battery conviction, arguing that it did not require that actual, physical force be imposed; thus, the domestic battery conviction was not a crime of violence. The district court overruled the objection and.held that the domestic battery conviction qualified as an aggravated felony.
The district court refused Narez-Gar-cia’s request for a • variance below the Guidelines and sentenced him to 33 months’ imprisonment and a three-year term of supervised release. The court also revoked Narez-Garcia’s prior supervised release and sentenced him to 18 months’ imprisonment to run consecutively with his 33-month sentence. Narez-Garcia appealed.
II.
We review a district court’s interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir.2008). If preserved for appeal, the district court’s characterization of a prior offense as an aggravated felony or as a crime of violence is a question of law that we review de novo. See United States v. Izaguirre-Flores, 405 F.3d 270, 272 (5th Cir.2005) (per curiam). If a challenge is not preserved for appeal, we review for plain error. United States v. Juarez, 626 F.3d 246, 253-54 (5th Cir.2010).
The parties dispute whether Narez-Gar-cia properly preserved his only challenge on appeal — that the district court erred in applying the eight-level enhancement because his Arkansas convictions did not result in a term of imprisonment of at least one year, thus falling outside 8 U.S.C. § 1101(a)(43)(F)’s definition of an aggrar vated felony.
“A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review.” United States v. Mondragon-Santiago, 564 F.3d 357, 361 (5th Cir.2009) (internal quotation marks omitted). “[A]n argument is preserved when the basis for objection presented below gave the district court the opportunity to address the gravamen of the argument presented on appeal.” United States v. Garcia-Perez, 779 F.3d 278, 281-82 (5th Cir.2015) (internal quotation marks omitted).
The government contends that Narez-Garcia’s appeal is subject- to plain error review because he failed to raise his argument that he was not sentenced to at least one year of imprisonment -in the district *150 court. Narez-Garcia admits that in the district court “he focused on the part of the. aggravated-felony erime-of-violence definition having to. do with the use of force as an element” and “did not focus on the part of the aggravated-felony crime-of-violence definition requiring a term of imprisonment of at least one year.” Even so, Narez-Garcia argues that he adequately objected to both .of his prior convictions being used for the eight-level aggravated felony enhancement.
Narez-Garcia’s argument, is unavailing.- Because Narez-Garcia did not object to. the enhancement on the specific ground he now raises on appeal — the one-year-term-of-imprisonment requirement— and instead raised only his use-of-force argument, this court’s review is limited to plain error.[2] See Juarez, 626 F.3d at 253-54 (reviewing for plain error where defendant objected to an enhancement on grounds different from those raised on appeal).
Plain error review involves four steps. Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (citing United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
First, there must be an error or defect — some sort of [deviation from á legal rule — that has not been intentionally relinquished or abandoned, ie., áf-firmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant’s substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of . judicial proceedings. Meeting all four prongs is difficult, as it should be.
Id. (internal quotation marks and citations omitted).
III.
Narez-Garcia argues that, even under plain error review, the district court plainly erred in applying the eight-level increase under the U.S.S.G. § 2L1.2(b)(l)(C) because his Arkansas conviction for domestic battery does not meet the definition for an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).[3] Na-rez-Garcia contends that the Arkansas state court did-not impose a period of confinement; ' the state court left this blank empty. Instead, it imposed 72 months, suspended imposition of sentence, and a *151 period of probation of 12 months. Narez-Garcia argues that the state court thus did not impose any sentence of imprisonment, let alone a one-year term, meaning that the conviction, dues not qualify as an aggravated felony. Instead, he contends, his sentence should be viewed as imposing probation, disqualifying ,it as an aggravated felony under this court’s precedent.
Assuming — -without deciding— that the district court erred in classifying Narez-Garcia’s Arkansas conviction as an aggravated felony, that error was not “clear or obvious.” Puckett, 556 U.S. at 135, 129 S.Ct. 1423. Plain error is error that is so clear or obvious that “the trial judge and prosecutor were derelict in countenancing it, even .absent the defendant’s timely assistance in detecting it.” United States v. Hope, 545 F.3d 293, 295-96 (5th Cir.2008) (quoting United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).
Federal law controls whether a state conviction qualifies as an aggravated felony. See United States v. Vasquez-Balandran, 76 F.3d 648, 650 (5th Cir.1996). This court has never addressed the specific question at issue here — whether a suspended imposition of a sentence in Arkansas qualifies as a “term of imprisonment” for purposes of' an aggravated felony sentencing enhancement. There is a dearth of cases from any 'court addressing this issue.[4] What is more, Narez-Garcia’s conviction is difficult to cabin within our case law.[5] And looking to Arkansas law here provides little guidance. See Medina-Anicacio, 325 F.3d at 644 (“[S]tate -law has been found to aid this Court’s analysis of the effect of a state court’s conviction on a defendant’s federal sentence.” (citing Landeros-Arreola, 260 F.3d at 410)). Na-rez-Garcia argues that the definition of “suspension” or “suspended imposition of senténce” under Arkansas law, see Ark. Code Ann. § 5-4-101(6), proves that no sentence of imprisonment was imposed in the first instance. But the confused history of suspended imposition and suspended execution of sentences in Arkansas[6] and *152 the Judgment[7] make classifying Narez Garcia’s conviction under our case law anything but a clear or obvious task.
An error is not plain under current law “if a defendant’s theory requires the extension of precedent.” United States v. Jackson, 549 F.3d 963, 977 (5th Cir.2008). Narez-Garcia’s theory does so here. Had Narez-Garcia preserved this issue for appeal, we would face a more difficult question. But under plain error review, any error by the district court was not clear or obvious.[8]
IV.
For the foregoing reasons, the district court did not plainly err in applying the eight-level sentencing enhancement. AFFIRMED.

. 8 U.S.C. § 1101(a)(43)(F) states that an “aggravated felony” includes a "crime of violence ... for which the term of imprisonment [is] at least one year.”

. Narez-Garcia’s reliance on United States v. Medina-Anicacio, 325 F.3d 638 (5th Cir.2003) is unhelpful. Medina-Anicacio is distinguishable from this case. Narez-Garcia reads Medina-Anicacio to hold that a general objection to the application of a statute — even if the parties and the court below focus on a different component of the statute than the component of the statute at issue on appeal — preserves all arguments regarding the statute for appeal. Medina-Anicacio actually stands for the much narrower proposition that when an appellant raises an issue below, although inartfully, and the district court considers the issue, it is preserved for appeal. Id. at 641-42. In addition,.Narez-Garcia’s broad reading of Medina-Anicacio is inconsistent with other holdings of this court, See e.g:, Juarez, 626 F.3d at 253-54.

. This court generally does not consider arguments raised for the first time in a reply brief, but we will review an argument that is made in response to an issue raised by appellee in its brief. See United States v. Rodriguez, 602 F.3d 346, 361 (5th Cir.2010).

. Narez-Garcia’s best case is an unpublished opinion from the BIA that lacks analysis. See In re: Cardenas-Cardenas, A089 807 259, 2010 WL 915647 (BIA Feb. 24, 2010) (unpublished). Because this unpublished opinion is not precedential, and because it lacks any analysis for its conclusion, its value is limited.

. "Our precedent distinguishes between sentences of imprisonment that are imposed but then suspended, and sentences that are for probation in the first instance without any imprisonment contemplated.'’ Mondragon-Santiago, 564 F.3d at 368 (citing United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir.1999)). "If the sentencing court orders imprisonment and then suspends it, the sentence counts under § 1101(a)(43)(F) for determining if the term of imprisonment is at least one year in duration.” Id. (citing Vasquez-Balandran, 76 F.3d at 650-51); see also United States v. Rios-Cortes, 649 F.3d 332, 333-35 (5th Cir.2011), If, however-, the "sentencing court orders probation directly, then that conviction does not count as a term of imprisonment or as an aggravated felony.” Mondragon-Santiago, 564 F.3d at 368 (citing United States v. Herrera-Solorzano, 114 F.3d 48, 50 (5th Cir.1997)). Relatedly, a reduction of a sentence to probation is different from a suspension ' of. a sentence for probation. See United States v. Landeros-Arreola, 260 F.3d 407, 409-14 (5th Cir.2001) (holding that defendant’s Colorado state conviction was not an aggravated felony because his sentence was reduced to probation after he completed a boot camp).

.See John M.A. DiPippa, Suspending Imposition and Execution of Criminal Sentences: A Study of Judicial and Legislative Confusion, 10 U. Ark. Little Rock L.J. 367, 375 (1988); see also Culpepper v. State, 268 Ark. 263, 595 S.W.2d 220, 221-23 (1980) (recognizing confused history of ' suspended - imposition and suspended execution of sentences). Although an Arkansas statute states that a "court may not suspend execution of sentence,” Arkansas case law remains somewhat confused on this *152 issue. Ark.Code Ann. § 5 — 4—104(e)(l)(B)(ii); see, e.g., Lalota v. State, No. CACR 06-821, 2007 WL 2660244, at *2 (Ark.CtApp. Sep. 12, 2007) (where court analyzed issue as if "suspended execution of sentence” is still an allowed procedure under Arkansas law).

. The Judgment suspended imposition of sentence for 72 months and imposed a period of probation of 12 months. But the suspended imposition of sentence and probation cannot occur simultaneously, so the Judgment seems contrary to Arkansas law. See Culpepper, 595 S.W.2d at 223 ("[T]he two [suspended imposition of sentence and probation] cannot occur simultaneously, as the former is ‘without supervision' and the latter requires 'supervision of a probation officer.’ ”); see also Ark.Code Ann. § 5 — 4—104(e)(l)(B)(i) ("In any other case, the court may suspend imposition of sentence or place the defendant on probation.”) (emphasis added); Ark.Code Ann. § 5-4-104(e)(2) (“If the offense is punishable by fine and imprisonment, .the court may sentence the defendant to pay a fine and suspend imposition of the sentence as to imprisonment or place the defendant on probation.”) (emphasis added).

. Following briefing and oral argument in this court, Narez-Garcia moved to file a supplemental brief. We granted that motion. In his supplemental brief, he points out that a panel of this court recently held that the statutory definition of "crime of violence” in 18 U.S.C. § 16(b) is unconstitutionally vague. • See United States v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir.2016), reh’g en banc granted 815 F.3d 189, 2016 WL 766980 (5th Cir.2016). Thus, he argues that the district court plainly erred by applying an unconstitutional enhancement by construing his prior domestic battery conviction as a crime of violence under 18 U.S.C. § 16(b). But Narez-Garcia's argument fails for one key reason — the district court applied the crime of violence definition from § 16(a), not § 16(b). See Tr. of Sentence at 6 (focusing on the use of physical force as an element of the offense to hold that the conviction qualified as a crime of violence). The panel in Gonzalez-Longoria did not address whether § 16(a) is unconstitutional. Accordingly, we reject Narez-Garcia’s argument.