# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40859
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FRANCISCO DOMINGUEZ-ALFARO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1098-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Francisco Dominguez-Alfaro appeals his within-guidelines sentence of 50 months of imprisonment imposed following his guilty-plea conviction of illegal reentry into the United States after deportation. 8 U.S.C. § 1326(a), (b)(2). According to Dominguez-Alfaro, the district court committed procedural error by failing to recognize that it had the authority to grant his motion for a downward variance, based on then pending amendments to U.S.S.G. § 2L1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40859

In reviewing Dominguez-Alfaro's unpreserved claim of procedural error we consider first whether the district court erred, whether the error was clear or obvious, and whether the error affected Dominguez-Alfaro's substantial rights. *See United States v. Narez-Garcia*, 819 F.3d 146, 150 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016). If we find in the affirmative as to the these three factors, then we have the discretion to correct the error, but will only exercise our discretion "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

According to Dominguez-Alfaro, the district court's statement that it "should sentence pursuant to the Guidelines in existence of as of the date [of] sentencing," shows that the district court believed it lacked the discretion to sentence him below the guideline range. The district court, however, additionally considered the particular facts of his case, the arguments he presented in favor of a downward variance, the advisory guidelines range, and the 18 U.S.C. § 3553(a) factors. *See* § 3553(a); *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Moreover, the district court specifically noted that it was applying the Sentencing Reform Act of 1984 as modified by *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory only. Dominguez-Alfaro has failed to show that that the district court committed reversible plain error. *See Gall*, 552 U.S. at 51; *Narez-Garcia*, 819 F.3d at 150.

AFFIRMED.