# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-20269
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JADER TORRES ERAZO, also known as Pedro Antonio Lebron, also known as
Javier Jader Torres-Erazo, also known as Pedro Antonio Lebron Serrano,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-489-1

————————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jader Torres Erazo appeals his guilty plea
conviction and sentence for illegal reentry into the United States after
deportation following an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2).
According to Torres Erazo, the district court plainly erred at rearraignment by
failing to advise him, as required by Rule 11 of the Federal Rules of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-20269

Procedure, regarding his right to plead not guilty, the mandatory special assessment, and the fact that, in the future, he could be denied United States citizenship or admission if he pleaded guilty. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

The record establishes that, although the district court did not engage in a "talismanic" repetition of the Rule 11 provisions, it did admonish Torres Erazo regarding his right to persist in a plea of not guilty, and it discussed generally with Torres Erazo the immigration consequences of his plea. *United States v. Bachynsky*, 949 F.2d 722, 726 (5th Cir. 1991); *see* FED. R. CRIM. P. 11(b)(1)(B), (b)(1)(O). Torres Erazo thus shows no clear or obvious error in the district court's admonishment regarding his right to plead not guilty. *See United States v. Narez-Garcia*, 819 F.3d 146, 150 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016). Moreover, he has failed to allege, much less show a reasonable probability, that he would not have pleaded guilty had he known more specifically that he might not be able to legally reenter, seek asylum, or obtain citizenship in the United States. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

As to the special assessment, in addition to referencing a special assessment, the district court advised Torres Erazo that he faced a maximum potential fine of $250,000, well above the $100 mandatory special assessment imposed. Therefore, as Torres Erazo acknowledges, his substantial rights were not affected by the district court's omission of the details of the mandatory nature and specific amount of the special assessment. *See United States v. Powell*, 354 F.3d 362, 369 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.