# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-20429
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA TERESA DE LEON-POSADAS, also known as Maria Teresa DeLeon-Posadas, also known as Maria Teresa De Leon, also known as Teresa Gonzalez,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-559-1

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Maria Teresa De Leon-Posadas appeals the 42-month below-Guidelines sentence imposed following her guilty plea conviction of illegal reentry into the United States by a previously deported alien after a conviction of an aggravated felony. She contends that the district court committed procedural error because it did not expressly address her arguments for a downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20429

variance: (1) that the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2015) resulted in an unwarranted sentence uniformity regardless of the relevant sentencing factors; (2) that she did not engage in violent conduct, and her prior conviction for transporting undocumented aliens did not involve violence; and (3) that she lived an otherwise law-abiding life while she was in the United States. According to De Leon-Posadas, the district court's failure to address her arguments was clear error that affected her substantial right to meaningful appellate review. Further, she asserts that the district court relied on an erroneous presumption that the advisory Guidelines range was reasonable. De Leon-Posadas concedes that she did not raise these arguments in the district court. Thus, our review is limited to plain error. *See United States v. Narez-Garcia*, 819 F.3d 146, 150 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Although the district court may not have expressly addressed each of De Leon-Posadas's arguments; it did consider the parties' submissions and arguments; De Leon-Posadas's allocution; the presentence report; and the 18 U.S.C. § 3553(a) factors and ultimately determined that a sentence below the advisory Guidelines range was appropriate. The district court based its decision on the unusual character of the case, namely that De Leon-Posadas was a hard-working, successful businesswoman, who had done well in the community and who had been a good parent. However, her prior conviction for transporting undocumented aliens was a serious offense for which she had received a lenient sentence. After her deportation, she returned to the United States illegally less than a year later. A sentence of less than 24 months would not be an adequate deterrent. Although the lack of express reasons for rejecting De Leon-Posadas's arguments may constitute clear or obvious error, *see Puckett*, 556 U.S. at 135, the district court's reasons for imposing the

sentence are sufficient to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). De Leon-Posadas has not demonstrated that any error affected her substantial rights as nothing in the record indicates that her sentence would have been different if the district court had expressly addressed her arguments or provided more explanation of the chosen sentence. *See United States v. Whitelaw*, 580 F.3d 256, 262–65 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 364–65 (5th Cir. 2009).

Though De Leon-Posadas is correct that a district court may not presume that the Guidelines range is reasonable and instead must make an individualized assessment based on the particular facts, *see Gall v. United States*, 552 U.S. 38, 50 (2007), the district court merely stated that the Guidelines had been in place for many years and did not state or suggest that the guidelines range was presumptively reasonable. The district court was required to calculate De Leon-Posadas's guidelines range under the 2015 Sentencing Guidelines before deciding whether to grant a downward variance. *See id.* at 49; *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). The district court correctly calculated the advisory guidelines range and made an individualized sentencing decision based on the case facts, the parties' submissions and arguments, De Leon-Posadas's allocution, the presentence report, and the Section 3553(a) factors. De Leon-Posadas has not shown that the district court applied a presumption of reasonableness to the advisory Guidelines range. Therefore, De Leon-Posadas has not shown reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.