# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-40569
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOYLE WILLIAM VANHORN, JR.,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-83-1

————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Doyle William Vanhorn, Jr., appeals his within-guidelines sentence for his guilty-plea conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He contends that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court erred in applying a crime of violence enhancement under the so-called "residual clause" of U.S.S.G. § 4B1.2(a)(2) for his prior conviction of possession of a short-barrel shotgun. He further argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, given *Johnson*, the district court committed a significant procedural error by relying on a proposed guideline amendment in concluding that his prior offense was a crime of violence under § 4B1.2.

As for Vanhorn's first argument, we review the preserved challenge de novo. *See United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016). This court is "not bound by the Government's concession" that the Guidelines are subject to vagueness challenges and may give the issue independent review. *Cf. United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008). After briefing in this case, the Supreme Court held, in *Beckles v. United States*, 137 S. Ct. 886 (2017), that "the Guidelines are not subject to a vagueness challenge" under *Johnson*, and, therefore, § 4B1.2(a)(2) is not void. *Id.* at 892.

As for Vanhorn's second argument, he never objected to the district court's reliance on the proposed amendment; therefore, we review under the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To the extent that the district court looked to a prospectively applicable amendment to conclude that the offense constituted a crime of violence under § 4B1.2, it committed a "clear or obvious" procedural error in calculating the applicable guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). The next question is whether Vanhorn has shown "a reasonable probability of a different outcome" absent any such error, and, thus, that it affected his substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-47 (2016). Given that *Beckles* undermines the premise of his challenge, Vanhorn has not made this showing.

AFFIRMED.