# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 14-30392
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON B. HANDY,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-53-1

———————

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brandon B. Handy was convicted of aggravated robbery of mail matter and was sentenced to serve 288 months in prison and a five-year term of supervised release. He argues that for purposes of the career offender sentencing guidelines, his Louisiana unauthorized entry of an inhabited dwelling offense is not a crime of violence because the residual clause of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30392

U.S.S.G. § 4B1.2(a)(2) (2013) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Because Handy did not raise his arguments on appeal in the district court, they are reviewed for plain error. *See United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016). To prevail under this standard, he must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Whether an error is clear or obvious is determined at the time of appeal and requires this court to "decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to reasonable dispute." *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (internal quotation marks and citation omitted). If Handy satisfies the first three prongs of plain error review, we have the discretion to correct the error, but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

After Handy submitted his appellate brief, the Supreme Court held that the § 4B1.2(a)(2)'s residual clause "is not void for vagueness" because "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Accordingly, Handy's arguments regarding § 4B1.2(a)(2)'s residual clause are unavailing.

AFFIRMED.