# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20486

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAMIRO DELEON-FACUNDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-94

Before GRAVES and COSTA, Circuit Judges, and BENNETT, District Judge.*

PER CURIAM:**

Jose Ramiro Deleon-Facundo pleaded guilty to illegal reentry after having been deported and convicted of indecency with a child involving sexual contact in Texas state court. When entering judgment, the court classified the offense as illegal reentry following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Additionally,

---

* District Judge for the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20486

the court applied an eight-level enhancement under the 2015 Sentencing Guidelines pursuant to a finding that Deleon-Facundo's Texas state court conviction was a "crime of violence" under 18 U.S.C. § 16(b), which is incorporated into the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43), which is in turn cross-referenced by the 2015 Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.3(A) (U.S. SENTENCING COMM'N 2015). Pursuant to this enhancement, the district court sentenced Deleon-Facundo within the calculated guideline range to 23 months of imprisonment and no supervised release. Deleon-Facundo requests that this Court alter the judgment because he believes it erroneously lists his conviction as illegal reentry following an aggravated felony. Additionally, Deleon-Facundo requests that we remand this case for resentencing as his prior conviction was erroneously classified as an aggravated felony under the 2015 Sentencing Guidelines. Specifically, he argues that his prior Texas conviction does not constitute a "crime of violence" as defined in 18 U.S.C. § 16, and thus does not constitute an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) or §2L1.2 of the 2015 Sentencing Guidelines because 18 U.S.C. § 16(b) is unconstitutionally vague. The characterization of a prior conviction as an aggravated felony is a question of law that is reviewed de novo if the issue is preserved, as it was here. *See United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016). Likewise, this Court reviews the district court's application of the Sentencing Guidelines de novo. *United States v. Jackson*, 220 F.3d 635, 636 (5th Cir. 2000). The Court will address each of these issues in turn.

As to the judgment, this Court acknowledges that the judgment the district court entered was consistent with the state of our law at that time.

2

No. 17-20486

We had rejected a vagueness challenge to 18 U.S.C. § 16(b). *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *vacated*, 138 S.Ct. 2668 (2018). Since that time however, the Supreme Court has taken the opposing view and held that § 16(b) violates the Due Process Clause. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). As such, treating Deleon-Facundo's state conviction as an aggravated felony because of this now-invalid "crime of violence" statute is inappropriate and this Court must find that the district court erred in classifying Deleon-Facundo's conviction as illegal reentry following an aggravated felony based on those grounds.

In regard to the application of the sentencing guidelines, Deleon-Facundo's argument is essentially the same. He argues that because the Supreme Court has held in *Dimaya* that section 16(b) violates the Due Process Clause, the eight level § 2L1.2(b)(1)(C) aggravated felony enhancement in the 2015 Sentencing Guidelines is also inappropriate as that section cross-references the unconstitutionally vague definition in § 16(b). However, the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), held that the advisory Sentencing Guidelines are not subject to a vagueness challenge. As such, the Supreme Court's ruling in *Dimaya* does not affect the appropriateness of the eight-level § 2L1.2(b)(1)(C) aggravated felony enhancement in the 2015 Sentencing Guidelines. Accordingly, the Court finds that the district court's application of the sentencing guidelines was appropriate in this case, and upholds the decision in this regard.

The judgement is AFFIRMED IN PART and REMANDED for correction of the judgment consistent with this opinion.