# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAXIMILIANO ZAVALA ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-1116-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Maximiliano Zavala Romero appeals the sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) for a crime of violence based on his prior Maryland conviction for first-degree assault.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41092

In the district court, Zavala Romero objected to the 16-level enhancement in the district court on the ground that the state court documents were insufficient to establish the offense of conviction.  He did not specifically argue that his Maryland first-degree assault conviction was not a crime of violence under § 2L1.2(b)(1)(A)(ii).  Because Zavala Romero did not raise this argument in the district court, review is limited to plain error.  *See United States v. Narez-Garcia*, 819 F.3d 146, 150 (5th Cir. 2016).  To show plain error, Zavala Romero must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

In *United States v. Arevalo*, 548 F. App'x 285, 285 (5th Cir. 2013), we concluded that there was no clear or obvious error in the imposition of a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) based on a prior Maryland conviction for first-degree assault.  The District of Columbia Circuit and the Fourth Circuit have held that a Maryland first-degree assault conviction constitutes a violent felony under the similarly worded elements clause of the Armed Career Criminal Act (ACCA).  *United States v. Haight*, 892 F.3d 1271, 1281-82 (D.C. Cir.), *petition for cert. filed* (Sept. 24, 2018) (No. 18-370); *United States v. Redd*, 372 F. App'x 413, 415 (4th Cir. 2010).  In view of the foregoing, any error in the application of the 16-level enhancement was not clear or obvious.  *See United States v. Greenough*, 669 F.3d 567, 575-76 (5th Cir. 2012).

In addition, Zavala Romero also argues that the judgment should be reformed to reflect that he was convicted and sentenced under § 1326(b)(1) because his prior Maryland first-degree assault conviction is not an aggravated felony under § 1326(b)(2).  He contends that in view of *Sessions v. Dimaya*, 138

No. 16-41092

S. Ct. 1204 (2018), his conviction cannot be classified as a crime of violence under 18 U.S.C. § 16(b) and that if his conviction does not constitute a crime of violence under § 16(a), then the judgment of conviction must be reformed to reflect that he was convicted under § 1326(b)(1). For the same reasons discussed above, any error in the imposition of Zavala Romero's sentence under § 1326(b)(2) was not clear or obvious. *See Puckett*, 556 U.S. at 135; *Narez-Garcia*, 819 F.3d at 150.

AFFIRMED.