# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20526

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALAN VICTOR GOMEZ GOMEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-148-1

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

Appellant Alan Victor Gomez Gomez pled guilty to illegally reentering the United States after deportation. He appeals from the sentence and judgment imposed under 8 U.S.C. § 1326(b)(2), which took into account his prior conviction for bodily-injury aggravated assault under Tex. Penal Code § 22.02. We affirm the sentence and judgment imposed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20526

Gomez Gomez argues that he is not subject to § 1326(b)(2) because Texas aggravated assault does not qualify as a "crime of violence" under 18 U.S.C. § 16. Specifically, he contends that Texas aggravated assault does not fall under the "elements clause" at § 16(a) or the "residual clause" at § 16(b).[1] Gomez Gomez argues that Texas aggravated assault lacks the "use of force" as an element because aggravated assault can be accomplished through indirect use of force. The issue has been properly preserved, so we review de novo. *United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir. 2016).

This court's recent en banc decision in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), abrogated the previous Fifth Circuit distinction between direct and indirect use of force. *Id.* at 180–81. Instead, it applied *United States v. Castleman*, which held that the "use of force" encompassed the common-law definition of force—including offensive touching and indirect applications of force. 572 U.S. 157, 162–68 (2014).

As a preliminary matter, Gomez Gomez argues *Reyes-Contreras* should not apply because it is a change in the law after his arrest. He argues the Ex Post Facto Clause should preclude the retroactive application of *Reyes-Contreras*. *See* U.S. CONST. art I, §§ 9–10. The Ex Post Facto Clause does not apply to the judiciary. *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001). But a retroactively applied judicial decision can, in theory, violate the Due Process Clause. *Bouie v. City of Columbia*, 378 U.S. 347, 353–54 (1964). In *Bouie*, the Supreme Court held that a defendant's due process rights could be violated by a retroactive application of an unexpected and indefensible expansion of substantive criminal liability. *Id.* at 353–54. But *Reyes-Contreras* did not

---

[1] Gomez Gomez points out that, under the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), 18 U.S.C. § 16(b) has been deemed unconstitutionally vague. As the offense at issue qualifies as a crime of violence under § 16(a), however, *Dimaya* does not constrain our holding here.

2

make previously innocent activities criminal.  It simply applied *Castleman* in a way that put the circuit back into compliance with the precedents of other circuits.  *Reyes-Contreras*, 910 F.3d at 180–81 ("The Fifth Circuit stands alone in restricting the reasoning of *Castleman* on direct versus indirect force to misdemeanor crimes of domestic violence.").  *Reyes-Contreras* was neither unexpected nor indefensible.

Gomez Gomez's objections to his sentencing fail because *Reyes-Contreras* held that *Castleman* "is not limited to cases of domestic violence and that for purposes of identifying a conviction as a [crime of violence], there is no valid distinction between direct and indirect force."  *Id.* at 182.  This holding forecloses Gomez Gomez's argument that aggravated assault does not require the use of force.  *See id.* at 181–82 (overruling *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), which held that Texas simple bodily assault did not require the use of force and was not a crime of violence).

Therefore, the district court's decision is affirmed.