# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2022

Lyle W. Cayce
Clerk

No. 21-50672
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROCHELLE LYNN JONES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-48-2

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Rochelle Lynn Jones pleaded guilty to possession of a firearm after a felony conviction and was sentenced to 27 months of imprisonment. She claims on appeal that the district court erred in its guidelines calculation when it applied a four-level enhancement

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50672

pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense.

"In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error."[1] For example, "the district court's determination of the relationship between the firearm and another offense [for purposes of § 2K2.1(b)(6)(B)] is a factual finding" reviewed for clear error.[2] If a factual finding "is plausible in light of the record as a whole," then it is not clearly erroneous.[3]

Jones's primary contention is that the district court erred in finding that she participated in a drug trafficking offense. We disagree. According to the presentence report ("PSR") and a subsequent addendum, the Odessa, Texas police department arranged a controlled drug buy at a trailer where Jones lived with her boyfriend, Nathan Myers. A cooperating individual ("CI") handed money to Myers. Next, a woman inside the trailer, identified in the PSR addendum as Jones, placed a bag of methamphetamine on a table. Later, while executing a search warrant on the trailer, police found Jones attempting to conceal methamphetamine and heroin by swallowing them.

Jones challenges the PSR addendum's statement that the CI saw her place the drugs on the table. But, that statement was a permissible basis for the enhancement regardless of whether it reflects the CI's affirmative identification of Jones or a "reasonable inference[]" drawn from the facts in

---

[1] *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (citing *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006)).

[2] *Id.* (citing *United States v. Condren*, 18 F.3d 1190, 1199–1200 (5th Cir. 1994)).

[3] *Id.* (citing *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001)).

No. 21-50672

the record.[4] Based on this record, the district court's finding that Jones participated in a drug trafficking offense is plausible.[5]

According to Application Note 14(B)(ii), when the relevant other felony is a drug trafficking offense, the enhancement automatically applies if a "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," as is true of the instant case.[6] Jones contends, however, that the district court erred by deferring to this application note. She claims that the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), forbids this.

Jones's objections in the district court were not sufficiently specific to permit that court to address the gravamen of this theory. Our review is therefore for plain error.[7] She correctly concedes that she cannot establish that the district court clearly or obviously erred in relying on Application Note 14(b)(ii), given the lack of controlling case law addressing *Kisor's* effect on the Guidelines.[8]

The district court's judgment is AFFIRMED.

---

[4] *See Caldwell*, 448 F.3d at 290.

[5] *See United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009).

[6] U.S.S.G. § 2K2.1, comment. (n.14(B)(ii)); *see Jeffries*, 587 F.3d at 692.

[7] *See United States v. Narez-Garcia*, 819 F.3d 146, 149–50 (5th Cir. 2016).

[8] *See United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014).