# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2022

Lyle W. Cayce
Clerk

No. 21-40667
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Candida Rosa Luquez,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-948-1

───────────

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

Candida Rosa Luquez appeals her 30-month sentence for illegal reentry. Her guidelines range was 10 to 16 months of imprisonment. The district court characterized its sentence as both an upward variance and an upward departure pursuant to U.S.S.G. § 2L1.2, comment. (n.6), because

───────────

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40667

the sentence for her prior state conviction for third-degree sexual contact did not reflect the seriousness of the offense conduct.

Luquez first argues the district court procedurally erred by speculating that most of her 10-year sentence for her prior conviction had been suspended so that she could be deported faster. Because Luquez did not object to the alleged improper speculation in the district court, our review is for plain error.[1] *See United States v. Narez-Garcia*, 819 F.3d 146, 149-50 (5th Cir. 2016). The district court's assessment of the record was plausible and does not reflect any clearly or obviously erroneous speculation. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Next, Luquez argues that her sentence is substantively unreasonable because the district court gave significant weight to an improper factor by engaging in the purported speculation discussed above, gave insufficient weight to the correct guidelines range, and effectively negated her two-level reduction for acceptance of responsibility by departing from the guidelines range. We are unpersuaded. *See United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.

---

[1] The Government asserts that Luquez's counsel invited the alleged error and that our review should therefore be for manifest injustice. Because Luquez's challenge fails under either standard of review, we assume without deciding that the more lenient plain error standard applies. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).