# United States Court of Appeals for the Fifth Circuit

No. 24-40280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Fabian Vela,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-199-1

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Luis Fabian Vela pleaded guilty to enticement of a minor to engage in sexual activity constituting a crime by any person, in violation of 18 U.S.C. § 2422(b). He was sentenced to 195 months of imprisonment and 10 years of supervised release. On appeal, Vela challenges the sufficiency of the factual basis for his guilty plea, the calculation of his guidelines range, and his prison

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

term as violative of the Eighth Amendment.  We do not consider his contentions on appeal that were raised for the first time in his reply brief.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

The district court did not clearly err in finding that Vela believed the minor victim to be younger than 18 years old, nor did it clearly err in concluding that he knowingly induced the minor victim to engage in criminal sexual activity, in light of his admissions at rearraignment.  *See United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008); *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014); *see also United States v. Lundy*, 676 F.3d 444, 450 (5th Cir. 2012).  Vela has not shown that the factual basis for his guilty plea was insufficient.  *See Hildenbrand*, 527 F.3d at 474-75.

Any error in the district court's application of the challenged sentencing enhancements under U.S.S.G. § 2G1.3 is harmless in light of its correct application of the cross-reference to U.S.S.G. § 2G2.1, the guideline ultimately used to calculate Vela's guidelines range.  *See United States v. Chon*, 713 F.3d 812, 822 & n.7 (5th Cir. 2013).  As to Vela's unpreserved arguments challenging the enhancement under § 2G2.1(b)(6)(B), he has failed to show plain error.  *See United States v. Narez-Garcia*, 819 F.3d 146, 149-50 (5th Cir. 2016); U.S.S.G. § 2G2.1, comment. (n.1); 18 U.S.C. § 2256(2)(A)(v).  Also, we find no error in the district court's application of the U.S.S.G. § 4B1.5(b)(1) enhancement.  *See* U.S.S.G. § 4B1.5, comment. (n.4(A) & (B)); 18 U.S.C. § 2256(2)(A)(v) & (8)(A); *United States v. Sadeek*, 77 F.4th 320, 324, 326-27 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 829 (2024).

Finally, on plain error review, Vela has not shown that his 195-month prison term violates the Eighth Amendment's prohibition against cruel and unusual punishment.  *See United States v. Ayelotan*, 917 F.3d 394, 406-07 (5th Cir. 2019); *United States v. Farrar*, 876 F.3d 702, 715 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.