# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41496

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOSE ARMANDO HERNANDEZ-MORALES, also known as Jose Hernandez,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-1133-1

Before DAVIS, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Jose Armando Hernandez-Morales appeals his sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Because we find that Hernandez-Morales did not preserve his argument and that any error committed by the district court was not plain, we affirm the sentence.

I

    Hernandez-Morales, a citizen of Mexico, pleaded guilty without a plea agreement to illegal reentry following deportation in violation of 8 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41496

§ 1326. Applying the 2014 Sentencing Guidelines, the presentence report (PSR) calculated Hernandez-Morales's total offense level as 21, which included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Hernandez-Morales's 1999 Illinois conviction for second degree murder. This total offense level of 21, coupled with a criminal history category of V, produced an advisory guidelines range of 70 to 87 months. Hernandez-Morales did not file written objections to the PSR.

At sentencing, defense counsel informed the court that there had been a "technical issue" and apologized for not filing written objections. Defense counsel contended that the state court documents that had been submitted failed to reflect the subsection of the Illinois second degree murder statute under which Hernandez-Morales had been convicted. Consequently, defense counsel argued, Hernandez-Morales's Illinois conviction for second-degree murder did not qualify as one for "murder" or "manslaughter" under U.S.S.G § 2L1.2 cmt. n.1(B)(iii) because generic murder requires at least recklessness, while the Illinois statute under which Hernandez-Morales was convicted permits conviction for negligent or accidental causes of death.[1] The district court rejected counsel's arguments. It adopted the findings and recommendations in the PSR and sentenced Hernandez-Morales to 72 months of imprisonment, to be followed by a three year term of supervised release.

---

[1] We note that the Illinois statute does not, in fact, permit conviction for second degree murder where the defendant has a *mes rea* of negligence. The subsection pointed to by counsel provides for reduction from first (intentional or reckless) to second degree murder where the State has proven beyond a reasonable doubt that the defendant committed first degree murder but the defendant has demonstrated that "at the time of the killing he or she [was] acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavor[ed] to kill, but he or she negligently or accidentally cause[d] the death of the individual killed." *See* 720 Ill. Comp. Stat. § 5/9-2(c); *People v. Jeffries*, 646 N.E.2d 587, 595 (Ill. 1995) (second degree murder "is first degree murder plus defendant's proof by a preponderance of the evidence that a mitigating factor is present").

2

No. 15-41496

Hernandez-Morales filed a timely notice of appeal. In his opening brief, he repeats his argument that Hernandez-Morales's Illinois conviction for second-degree murder does not qualify as one for "murder" or "manslaughter" under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).  However, he does not argue that the Illinois statute is broader because it permits conviction for negligent causes of death; rather, he argues that the Illinois offense does not qualify as generic murder because unlike the generic offense, the Illinois statute permits conviction where the defendant causes the death of another and knows that his acts created "a strong probability of . . . great bodily harm."  *See* 720 Ill. Comp. Stat. § 5/9-1(a)(2).

## II

The parties disagree as to the applicable standard of review.  Hernandez-Morales argues that de novo review should apply, as he objected to the application of the § 2L1.2 enhancement at sentencing.  The Government concedes that Hernandez-Morales sufficiently preserved the argument that his conviction under the Illinois murder statute is broader than the generic definition of murder or manslaughter because the statute permits a negligent or accidental killing for purposes of challenging the § 2L1.2(b)(1)(A)(ii) enhancement, but argues that any additional arguments must be reviewed for plain error.

## A

Ordinarily, this court reviews a district court's imposition of a § 2L1.2 enhancement de novo.  *United States v. Garcia-Perez*, 779 F.3d 278, 281 (5th Cir. 2015).  However, when a defendant's argument on appeal is based on a different ground than his objection in the district court, this court reviews for plain error only.  *Id.* at 281 & n.2.  "To preserve an issue for review on appeal, the defendant's objection must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and argument received on the

No. 15-41496

issue." *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (quoting *United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995). However, "Objections supported below by a given argument cannot preserve a completely different argument on appeal." *Garcia-Perez* at 281 n.2.

B

Hernandez-Morales argues that he properly preserved his argument because "[a]lthough his argument has been refined on appeal, its essence was fairly presented to the district court." Although we agree that a defendant may preserve a narrow argument by raising a broad objection below, this allowance is based on the assumption that the broad objection has given the district court the opportunity to consider all possible problems with the application of the sentencing statute. *Cf. United States v. Narez-Garcia*, 819 F.3d 146, 150 n.2 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 175 (U.S. Oct. 3, 2016). The objection here did no such thing.

Indeed, this case is similar to the situation presented to the panel in *United States v. Narez-Garcia*. In that case, Narez-Garcia had objected to an eight-level sentence enhancement on the grounds that his prior Arkansas conviction for aggravated assault did not qualify as a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). 819 F.3d at 148. Specifically, he argued that because the Arkansas offense does not have the use of force as an element or involve a substantial risk that force will be used against a person or property, it was not a crime of violence. *Id.* at 148-49. On appeal, by contrast, he argued that the district court erred in applying the eight-level enhancement because his Arkansas conviction did not result in a term of imprisonment of at least one year and therefore fell outside of 8 U.S.C. § 1101(a)(43)(F)'s definition of an aggravated felony. *Id.* at 149. Observing that "[a]n argument is preserved when the basis for objection presented below gave the district court the opportunity to address the gravamen of the

4

argument presented on appeal," *id.* at 149 (quoting *Garcia-Perez*, 779 F.3d at 281-82, the panel concluded: "Because Narez-Garcia did not object to the enhancement on the specific ground he now raises on appeal—the one-year-term-of-imprisonment requirement—and instead raised only his use-of-force argument, this court's review is limited to plain error," *id.* at 150 (citing *United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010)).

We must reach the same conclusion here. At the sentencing hearing, defense counsel objected to the application of the U.S.S.G. § 2L1.2 enhancement on the grounds that the Illinois second degree murder statute is broader than the typical definition of second degree murder "because of the use of . . . 'negligent or accidentally causing the death of the individual killed.'" This was the only issue raised before the district court; the court was not apprised of any argument relating to the Illinois statute's use of "great bodily harm" and thus did not have the opportunity to take evidence or receive argument on that issue. *See Wikkerink*, 841 F.3d at 331. Because Hernandez-Morales did not object to the U.S.S.G. § 2L1.2 enhancement on the specific ground he raises before us, our review is limited to plain error. *Narez-Garcia*, 819 F.3d at 150.

## III

To demonstrate plain error, Hernandez-Morales bears the burden of establishing that there is a clear or obvious error that affects his substantial rights. *United States v. Escalante-Reyes*, 689 F.3d 415, 422-23 (5th Cir. 2012) (en banc). An error is not clear or obvious if it is subject to reasonable dispute. *Puckett v. United States*, 556 U.S. 129, 136 (2009). Even if he demonstrates that his substantial rights are affected, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 134-35.

No. 15-41496

As previously discussed, Hernandez-Morales argues that the district court erred in applying the § 2L1.2 enhancement based on his prior Illinois conviction for second-degree murder; specifically, he asserts that the Illinois statute permits conviction for causing death while knowingly creating a risk of great bodily harm and thus is broader than the generic definitions of murder and manslaughter.  However, we have never before considered whether the Illinois first degree murder statute is broader than the enumerated offense of murder, nor have we even adopted a definition of generic murder.  "We ordinarily do not find plain error when we 'have not previously addressed' an issue."  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008)).  In the absence of any authority on point, we therefore decline to conclude that any error committed by the district court was plain.

IV

Because Hernandez-Morales failed to preserve the specific argument he raises before us, our review is limited to plain error.  Finding no plain error, we AFFIRM the judgment of the district court.  The Government's motion to supplement the record on appeal is DENIED as moot.