# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41661

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MARIO RUBIO-SORTO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-677-1

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Jose Mario Rubio-Sorto pleaded guilty without a plea agreement to illegal reentry following deportation in violation of 8 U.S.C § 1326. The presentence report calculated Rubio-Sorto's total offense level as 21, which included a 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon Rubio-Sorto's 2012 Illinois conviction for second degree murder. The PSR calculated Rubio-Sorto's Guidelines range as 46–57

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months. The district court adopted the findings and recommendations in the PSR and sentenced Rubio-Sorto to 57 months' imprisonment and 3 years' supervised release.

Rubio-Sorto raises two issues on appeal, neither of which he raised below. First, he argues that the district court erroneously applied the 16-level enhancement because his Illinois conviction for second degree murder did not constitute a crime of violence under the Sentencing Guidelines. Second, he contends that he was erroneously convicted under § 1326(b)(2) for having been deported after being convicted of an aggravated felony. Review is for plain error only.

A. Crime of Violence Enhancement

A defendant convicted of illegal reentry is subject to a 16-level enhancement if he was previously deported after a felony conviction for a crime of violence, and the conviction received criminal history points under Chapter Four of the Guidelines. *See* § 2L1.2(b)(1)(A)(ii). For purposes of the enhancement, crimes of violence include an enumerated list—including murder—as well as any crime "that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, n.1(B)(iii).

Rubio-Sorto argues that Illinois second degree murder does not fit within the generic definition of "murder" for purposes of the Guidelines, nor does it have as an element the use or threatened use of force. This court recently faced an almost identical argument. In *United States v. Hernandez-Morales*, 681 F. App'x 362 (5th Cir. 2017), the defendant also argued that his prior Illinois conviction for second degree murder did not qualify as a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). Review in that case was also for plain error. We noted that "we have never before considered whether the Illinois . . . murder statute is broader than the enumerated offense of murder, nor have we

even adopted a definition of generic murder." *Id.* at 366. We have repeatedly explained that "[w]e ordinarily do not find plain error when we have not previously addressed an issue." *Id.* (internal quotation marks omitted) (quoting *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009)). Accordingly, "[i]n the absence of any authority on point, we . . . decline to conclude that any error committed by the district court was plain." *Id.*

B. Aggravated Felony

Rubio-Sorto also contends that the district court erred in entering judgment against him under § 1326(b)(2), because his Illinois conviction for second degree murder did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43). That provision lists "murder" as an aggravated felony, *see* § 1101(a)(43)(A), and further incorporates the definition of "crime of violence" as articulated in 18 U.S.C. § 16. *See* 8 U.S.C. § 1101(a)(43)(F). 18 U.S.C. § 16 in turn includes two provisions: (a) defines crime of violence in relevant part as "an offense that has as an element the use, attempted use, or threatened use of physical force"; and (b) includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense." Rubio-Sorto argues that Illinois second degree murder does not fall under "murder" as defined in § 1101(a)(43), nor does it contain the use of force element required under § 16(a). He does not argue that Illinois second degree murder falls outside the scope of § 16(b), but argues that § 16(b) has been declared unconstitutionally vague by *Johnson v. United States*, 135 S. Ct. 2251 (2015).

Rubio-Sorto's argument as to the facial unconstitutionality of § 16(b) is foreclosed by this court's opinion in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc) ("[W]e hold that 18 U.S.C. § 16(b) is not unconstitutionally vague on its face."). *Gonzalez-Longoria* does not foreclose Rubio-Sorto's    argument    insofar    as    he    contends    that    § 16(b)    is

## No. 15-41661

unconstitutionally vague as applied to this particular case.[1] *See id.* at 677–78 (rejecting facial attack on § 16(b) but then giving full consideration to as-applied challenge). Nonetheless, because our review is for plain error only, and because Rubio-Sorto does not cite to any on-point authority suggesting that § 16(b) is unconstitutionally vague as applied here, we decline to say that the district court erred in entering judgment against Rubio-Sorto under 8 U.S.C. § 1326(b)(2). *See Hernandez-Morales*, 681 F. App'x at 366. Since this provides a sufficient basis for affirming, we express no opinion on whether Illinois second degree murder qualifies as "murder" under § 1101(a)(43)(A), or whether it contains the use of force element required under § 16(a).

We AFFIRM the judgment of the district court.

---

[1] Rubio-Sorto's brief does not expressly state whether his challenge to § 16(b) is a facial or an as-applied challenge. As the Supreme Court has recognized, however, "the distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge." *Citizens United v. FEC*, 558 U.S. 310, 331 (2010). That distinction is particularly difficult to draw in cases involving the categorical approach and § 16(b)'s residual clause.