# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41661

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MARIO RUBIO-SORTO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-677-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

The Supreme Court remanded this case to our court "for further consideration" in light of its recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). As the *Dimaya* decision overturns only one of the multiple grounds on which we might have upheld the defendant's conviction and sentence, we now continue to affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41661

Jose Mario Rubio-Sorto appealed his conviction and the sentence imposed after he pleaded guilty to illegal reentry following deportation. He argued his sentence should not have been enhanced based upon his Illinois conviction for second-degree murder because that offense does not qualify as a crime of violence under the Sentencing Guidelines. Rubio-Sorto also argued he should not have been convicted under 8 U.S.C § 1326(b)(2) of illegally reentering after being deported for the commission of an aggravated felony because his Illinois conviction did not qualify as an aggravated felony. Because Rubio-Sorto did not raise these issues below, our review was for plain error only.

We affirmed. As to Rubio-Sorto's challenge to his sentencing enhancement, we held that the district court did not plainly err in concluding that the Illinois conviction for second-degree murder qualified as a crime of violence. This court has never addressed whether the Illinois murder statute is broader than the generic definition of murder, and there is ordinarily no plain error where we have not previously addressed an issue. *United States v. Rubio-Sorto*, 707 F. App'x 239, 240 (5th Cir. 2017) (per curiam). As to Rubio-Sorto's challenge to his conviction, we held that the district court did not plainly err in concluding that the Illinois conviction for second-degree murder was an aggravated felony because it qualified as a crime of violence under 18 U.S.C. § 16(b). At the time of our ruling, this court had rejected void-for-vagueness challenges to § 16(b). *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc).

Rubio-Sorto petitioned the Supreme Court for certiorari. Following its decision in *Dimaya,* which held that 18 U.S.C. § 16(b) is unconstitutionally vague, the Court remanded "for further consideration" in light of *Dimaya. Rubio-Sorto v. United States*, 138 S. Ct. 2679, 2679 (2018). While our decision to uphold Rubio-Sorto's sentencing enhancement remains unaffected by

No. 15-41661

*Dimaya*, we must now reconsider the second part of our holding: that Rubio-Sorto's Illinois conviction for second-degree murder qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43).

As explained in our original opinion, that provision lists "murder" as an aggravated felony, *see* § 1101(a)(43)(A), and further incorporates the definition of "crime of violence" as articulated in 18 U.S.C. § 16. *See* 8 U.S.C. § 1101(a)(43)(F). 18 U.S.C. § 16 in turn includes two provisions: (a) defining crime of violence in relevant part as "an offense that has as an element the use, attempted use, or threatened use of physical force"; and (b) including "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense."

Because 18 U.S.C. § 16(b) provided a sufficient basis for affirming, in our original decision "we express[ed] no opinion on whether Illinois second degree murder qualifies as 'murder' under [8 U.S.C. § 1101(a)(43)(A)], or whether it contains the use of force element required under [18 U.S.C. § 16(a)]." *Rubio-Sorto*, 707 F. App'x at 240. There was no need to examine the applicability of those provisions to the Illinois statute, as Rubio-Sorto did not argue that his conviction fell outside the scope of § 16(b)'s residual clause; he simply argued the clause was unconstitutional. Now that § 16(b) has been declared unconstitutional, however, discussion of § 1101(a)(43)(A) and § 16(a) cannot be avoided. Rubio-Sorto argues that Illinois second-degree murder does not fall under "murder" as defined in § 1101(a)(43)(A) or the use of force element required under § 16(a).

But Rubio-Sorto's arguments for overturning his conviction must be rejected for the same reason the court rejected his arguments for overturning his enhanced sentence. Review here is for plain error. To demonstrate plain error, Rubio-Sorto bears the burden of establishing that there is a clear or obvious error that affects his substantial rights. *United States v. Broussard,*

3

No. 15-41661

669 F.3d 537, 553 (5th Cir. 2012). The district court's legal error must not be subject to reasonable dispute. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Under § 1101(a)(43)(A), Rubio-Sorto's conviction for second-degree murder counts as an aggravated felony if it substantially matches the generic, contemporary meaning of murder. *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567–68 (2017). As explained in our original opinion, we have never considered whether the Illinois murder statute is broader than the generic definition of murder. *Rubio-Sorto*, 707 F. App'x at 240. We have not even adopted a definition of generic murder. *Id.* As we ordinarily do not find plain error where there is an absence of authority on point,[1] we decline to conclude that any error by the district court in characterizing Rubio-Sorto's Illinois conviction as an aggravated felony was clear or obvious.

We once again AFFIRM the judgment of the district court.

---

[1] Indeed, we have held that "[e]ven where the [defendant's] argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quotations omitted).

4