# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2023

Lyle W. Cayce
Clerk

No. 22-10109

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfredo Martinez-Rubio,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-225-1

Before Ho, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:*

Alfredo Martinez-Rubio pled guilty to illegally reentering the United States after removal. The district court sentenced him to 10 years' imprisonment and 3 years' supervised release. Martinez-Rubio claims (1) that the district court plainly erred by considering his 1995 murder conviction when enhancing the statutory maximum punishment and (2) that the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10109

prosecution should have alleged his murder conviction in the indictment. We disagree.

I.

In 2021, immigration officials found Alfredo Martinez-Rubio in the United States illegally. Because he had previously been removed from the United States in 2017, the Government indicted Martinez-Rubio for illegal reentry after removal in violation of 8 U.S.C. § 1326. He pled guilty.

Martinez-Rubio's presentence report ("PSR") identified a guidelines range of 84 to 105 months' imprisonment. The PSR also noted that Martinez-Rubio had a 1995 Texas murder conviction. This prior "aggravated felony" increased the applicable statutory maximum from 2 years to 20. *See* 8 U.S.C. § 1326(b)(2). At sentencing, the district court imposed an above-guidelines yet below-statutory-maximum sentence of 10 years' imprisonment and 3 years' supervised release.

Martinez-Rubio timely appealed. Our jurisdiction is proper under 18 U.S.C. § 3742(a).

II.

Martinez-Rubio alleges two errors. He (A) argues that his 1995 murder conviction is not an "aggravated felony" under 8 U.S.C. § 1326(b)(2). Then he (B) contends that because his murder conviction increased the statutory maximum, it should have been alleged in the indictment. Both claims fail.

A.

Start with Martinez-Rubio's challenge to the § 1326(b)(2) statutory-maximum enhancement. Ordinarily, the maximum punishment for a § 1326 violation is 2 years' imprisonment. *Id.* § 1326(a). Congress, however, increased the maximum to 10 years when the convict has a prior felony

No. 22-10109

conviction, *id.* § 1326(b)(1), and to 20 years if that felony is "aggravated," *id.* § 1326(b)(2). The court below applied the 20-year maximum because it considered Martinez-Rubio's murder conviction an "aggravated felony."

For the first time on appeal, Martinez-Rubio challenges that determination. Under 8 U.S.C. § 1101(a)(43), an "aggravated felony" is defined in relevant part as either an enumerated offense such as "murder" or any other "crime of violence" for which a term of imprisonment of at least one year was imposed. *Id.* § 1101(a)(43)(A), (F). And an offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a); 8 U.S.C. § 1101(a)(43)(F). It might seem obvious that Martinez-Rubio's murder conviction constitutes a "murder" conviction under *Id.* § 1101(a)(43)(A).

But in this area of law, we cannot follow obviousness and common sense. Rather, to determine whether a prior state murder conviction constitutes "murder" under § 1101(a)(43)(A), we generally apply the "categorical approach." "The categorical approach considers only the statutory definition of the offense of conviction, rather than the underlying facts of the actual offense, to determine whether the offense meets the [federal] definition of [the corresponding] aggravated felony." *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). And to determine the definition of the relevant aggravated felony (here, murder), we consider the "generic, contemporary meaning" of that offense. *United States v. Adair*, 16 F.4th 469, 470 (5th Cir. 2021) (quotation omitted). How? By "looking to various sources—such as 'the Model Penal Code, the LaFave and Scott [criminal law] treatises, modern state codes, and dictionary definitions.'" *United States v. Hernandez-Montes*, 831 F.3d 284, 288 (5th Cir. 2016) (quotation omitted). If Texas's murder statute proscribes conduct outside the scope of the "generic" federal definition of murder, then the State's offense is not

categorically an aggravated felony under § 1101(a)(43)(A). *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013).

If, however, the State statute is "divisible," we instead apply the so-called "modified categorical approach." *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Rodriguez-Flores*, 25 F.4th 385, 388 (5th Cir. 2022). Statutes are "divisible" when they "list elements in the alternative, and thereby define multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). By contrast, "indivisible" statutes "enumerate[] various factual means of committing a single element"—thus defining only a single crime with multiple permutations. *Id.* at 506. When a defendant is convicted under a "divisible" statute, we apply the "modified categorical approach" by "look[ing] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, [the] defendant was convicted of." *Id.* at 505–06. We "then compare that crime . . . with the relevant generic offense." *Id.* at 506. And just as with the categorical approach, the ultimate inquiry is whether the State crime of conviction proscribes conduct outside the ambit of the generic offense. If so, then it is not an "aggravated felony."

Martinez-Rubio claims his murder conviction is not a murder conviction under § 1101(a)(43)(A), so the district court erred by subjecting him to a 20-year maximum. Even if Martinez-Rubio in fact committed intentional murder when he shot his sister-in-law in the head and chest, Martinez-Rubio nevertheless claims the Texas murder statute is *indivisible*— thus requiring this court to ignore the manner Martinez-Rubio killed his sister-in-law and instead view the statute as a whole.[†] Martinez-Rubio further

---

[†] At the time Martinez-Rubio killed his sister-in-law, the Texas Penal Code provided that a person commits "murder" if he:

argues that the felony-murder component of the Texas statute (§ 19.02(a)(3)) sweeps more broadly than his proposed definition of generic murder and lacks "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a); 8 U.S.C. § 1101(a)(43)(F).

Even assuming Martinez-Rubio is correct on the merits of his claim, he still cannot satisfy the relevant standard of review. "Because [Martinez-Rubio] did not object to the sentencing enhancement in the district court, we review for plain error." *See United States v. Reyes-Ochoa*, 861 F.3d 582, 585 (5th Cir. 2017). So to prevail, Martinez-Rubio must prove (1) that the district court erred, (2) that the error was "clear or obvious," and (3) that the error affected his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009) ("[I]f the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error."). And a district court's error is only "clear or obvious" when the relevant legal question is beyond "reasonable dispute." *Ibid.* Thus, we very rarely find plain error unless "controlling circuit or Supreme Court precedent has reached the issue in question"—*and* resolved it in defendant's favor. *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (quoting *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015));

---

(1)     intentionally or knowingly causes the death of an individual;

(2)     intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3)     commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02(a) (West 1974). The current Texas Penal Code is phrased identically, but § 19.02(a) is now codified at § 19.02(b).

*accord United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014) ("When the case law is unsettled, we cannot say that any error is clear or obvious."); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) ("Even where [appellant's] argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." (quotation omitted)).

Martinez-Rubio cannot clear that hurdle because his claim turns on a variety of questions that the Fifth Circuit and the Supreme Court have yet to resolve, including: (1) whether the Texas murder statute is "divisible" or "indivisible"; (2) whether, under the categorical and/or modified categorical approach, the Texas murder statute falls within the "generic" federal definition of murder; (3) what the "generic" federal definition of murder even is; and (4) which prongs of the Texas murder statute cover conduct that meets 18 U.S.C. § 16(a)'s articulation of "crime of violence."

Accordingly, even if the district court erred—and Martinez-Rubio is right about the answers to all four above-mentioned and unresolved questions—there is no way any such error was "plain." After all, "an error is considered plain, or obvious, only if the error is *clear* under existing law." *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) (emphasis added). And as we have held in various recent opinions concerning many of the same questions presented in this appeal, the governing law in this domain is not clear. *See, e.g.*, *United States v. Quinonez-Saa*, 741 F. App'x 973, 976 (5th Cir. 2018) (per curiam) ("Given the lack of controlling precedent, we conclude that any error by the district court was not plain because . . . the relevant sources indicate that whether Texas felony murder comports with the generic definition is subject to reasonable dispute."); *United States v. Hernandez-Morales*, 681 F. App'x 362, 366 (5th Cir. 2017) (per curiam) ("[W]e have never before considered whether the Illinois first degree murder statute is broader than the enumerated offense of murder, nor have we even

No. 22-10109

adopted a definition of generic murder. . . . In the absence of any authority on point, we therefore decline to conclude that any error committed by the district court was plain."); *United States v. Rubio-Sorto*, 760 F. App'x 258, 259 (5th Cir. 2019) (per curiam) (same).

## B.

Martinez-Rubio's second challenge is also deficient. In his sole contemporaneous objection to the PSR, Martinez-Rubio argued that his prior murder conviction should have been alleged in the indictment. This contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Martinez-Rubio reasserts it merely to preserve it.

AFFIRMED.